**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1039-19T1

INNOAS, INC. d/b/a ZIONPOS,

 Plaintiff-Appellant,

v.

GENESIS BBQ USA, LLC,
GENESIS CO., LTD., JOSHUA
LEE, JAY PARK, and TK NA,

 Defendants-Respondents.

_____

Argued September 22, 2020 – Decided November 12, 2020

Before Judges Gilson, Moynihan, and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5667-16.

Elliott Scott Joffe argued the cause for appellant (Kim & Bae, P.C., attorneys; Eric Negri, on the briefs).

Michael M. Yi argued the cause for respondent Genesis Co., Ltd. (Lee Anav Chung White Kim Ruger & Richter, LLP, attorneys; Michael M. Yi, on the brief).

PER CURIAM

This appeal arises out of a commercial dispute concerning the development of software for a restaurant chain. Plaintiff Innoas, Inc., which does business under the name ZionPOS, entered into several agreements with defendant Genesis BBQ USA, LLC (BBQ USA) to develop point-of-sales software for BBQ USA restaurants located in the United States of America.

BBQ USA was a limited liability corporation. It was owned by corporations organized and located in the Republic of Korea (South Korea). This appeal involves plaintiff's efforts to sue the corporate parents of BBQ USA.

Plaintiff appeals from three orders: (1) a May 10, 2019 order denying its motion to extend the discovery deadline so that it could take discovery concerning Genesis BBQ Global Co. Ltd. (Genesis Global), which, since 2014, had been the direct parent corporation of BBQ USA; (2) a June 25, 2019 order denying its motion to name Genesis Global as a defendant; and (3) a September 27, 2019 order granting summary judgment and dismissing plaintiff's claims against defendant Genesis Co. Ltd. (Genesis), which owns the majority of the shares of Genesis Global and had been the ultimate corporate parent of BBQ USA. We affirm all the orders because plaintiff did not establish that it could pierce the corporate veils to impose liability on either Genesis Global or Genesis for the alleged breaches, actions, and omissions of BBQ USA.

2

I.

We discern the facts from the record developed on the three motions, which includes information garnered during several years of discovery. Initially, we identify the corporations involved because understanding the corporate structure facilitates understanding the issues on this appeal.

The Corporations

Plaintiff is "an all-in-one service provider" for information technology solutions and point-of-sales credit-card processing software. It is a New Jersey corporation with its principal place of business in Palisades Park, New Jersey.

Genesis is a South Korean corporation with its principal place of business in Seoul, South Korea. Genesis acts as a holding company, meaning it holds stock in other corporations that engage in business. Genesis owns the controlling shares of several Korean corporations, which operate a large number of franchise restaurants that primarily sell chicken dishes.[1]

Before June 2014, Genesis' principal South Korean subsidiary was Genesis BBQ Co., Ltd. (Genesis BBQ). In June 2014, Genesis restructured its South Korean subsidiary and created two subsidiaries: (1) Genesis BBQ Co.,

_____

[1] Prior to March 2011, Genesis was known as GNS Food Co., Ltd. At that time, it owned stock in a corporation known as "Genesis Co. Ltd."

Ltd. (Genesis Korea); and (2) Genesis Global. Genesis Korea is responsible for operating the restaurant chain in Korea. Genesis Global is responsible for operating restaurants outside of Korea.

BBQ USA was a limited liability corporation organized under New Jersey law with its principal place of business in Fort Lee, New Jersey. Before June 2014, BBQ USA was a wholly owned subsidiary of Genesis BBQ, which in turn was principally owned by Genesis. After June 2014, BBQ USA was owned by Genesis Global, which in turn was principally owned by Genesis.

The Business Deal

Sometime prior to 2009, plaintiff was asked to develop a point-of-sales computer system for use by BBQ USA in its restaurants in the United States. At that time, BBQ USA was just starting to establish restaurants in the United States but hoped to establish thousands of them. In May 2009, plaintiff and BBQ USA entered a written contract defining the parties' agreement concerning the development, use, and payment for the software (May 2009 Agreement).

Under the May 2009 Agreement, plaintiff agreed to develop and maintain a point-of-sales computer system for each BBQ USA restaurant. BBQ USA agreed to pay plaintiff the installation costs, an installation fee, and a monthly maintenance fee for each restaurant.

4

The May 2009 Agreement identified the parties to the agreement as plaintiff and BBQ USA. It also stated that the agreement will be binding "on any successor or assigns" of plaintiff or BBQ USA. The May 2009 Agreement was signed by Joy Park of "Phoenix USA Corporation" (Phoenix) on behalf of BBQ USA. The parties do not dispute that Park and Phoenix acted as agents for BBQ USA in signing the May 2009 Agreement. Plaintiff claims that Park and Phoenix were also acting as agents for Genesis. Genesis disputes that claim.

BBQ USA failed to pay all the costs and fees due to plaintiff under the May 2009 Agreement. To address that situation, in March 2013, plaintiff and BBQ USA entered into a "Supplemental Agreement" (the March 2013 Agreement).[2] The March 2013 Agreement stated that BBQ USA owed plaintiff over $109,000, but plaintiff would allow BBQ USA to settle that balance by paying $24,000 if the payment was made in March 2013. The March 2013 Agreement also provided that if BBQ USA failed to pay the $24,000, then all agreements between plaintiff and BBQ USA would be terminated and BBQ USA "shall not only be liable to the plaintiff of any and all balances, but shall also be

---

[2] BBQ USA and plaintiff also entered into a supplemental agreement dated November 2, 2011.

A-1039-19T1

liable for collection costs, attorney's fees and any other fees incurred by [plaintiff] during the collection process."

The March 2013 Agreement was between plaintiff and BBQ USA and it does not identify any other party. Like the May 2009 Agreement, the March 2013 Agreement stated that it was governed by "the laws of the State of New Jersey."

Plaintiff asserts that BBQ USA breached the March 2013 Agreement by failing to make the $24,000 payment. Three years later, plaintiff filed suit.

The Procedural History

In August 2016, plaintiff sued BBQ USA and Genesis. It asserted six causes of action: (1) breach of the May 2009 Agreement; (2) breach of the March 2013 Agreement; (3) promissory estoppel; (4) unjust enrichment; (5) fraud; and (6) negligent misrepresentation.

Plaintiff also initially sued three individuals who had worked for Phoenix. Those individuals never responded, and in January 2018 they were dismissed for lack of prosecution.

A-1039-19T1

BBQ USA also failed to respond or file an answer because it filed for bankruptcy under the U.S. Bankruptcy Code. 11 U.S.C. § 101 - 1195. Plaintiff did not file a claim against BBQ USA in the bankruptcy action. [3]

Consequently, the only active defendant has been Genesis. Genesis was served with the complaint in January 2017. It initially disputed personal jurisdiction, but following a motion and jurisdictional discovery, Genesis consented to personal jurisdiction in New Jersey in this action. In May 2018, plaintiff's complaint in this action was dismissed for lack of prosecution. Thereafter, plaintiff moved to reinstate its complaint, naming only Genesis as a defendant. In August 2018, Genesis filed its answer to the complaint.

Genesis represents that since December 2017, it, through its counsel, informed plaintiff that "any claim of liability against a company as a shareholder of [BBQ USA] must be directed to [Genesis Global] not [Genesis]." Plaintiff admits that that representation was correct. In its answer filed in August 2018,

---

[3] The bankruptcy proceedings involving BBQ USA concluded in 2019, when the federal bankruptcy court issued an order, dated April 30, 2019, approving the trustees' final report and account under Chapter 7 of the Bankruptcy Code. The parties have not provided us with any additional information concerning the bankruptcy proceeding, and they make no arguments concerning any preclusive effect of the bankruptcy proceeding. Accordingly, we do not address that issue.

Genesis identified itself as "defendant Genesis BBQ Global Co., Ltd. (sued herein as Genesis Co. Ltd.)."

After August 2018, plaintiff and Genesis engaged in discovery related to plaintiff's claims. In October 2018, the court scheduled the trial for January 7, 2019. At plaintiff's request, that trial date was adjourned, and the court ordered discovery to be completed by June 28, 2019.

In April 2019, plaintiff moved to extend the discovery deadline from June 28, 2019, to September 30, 2019. The trial court denied that motion in an order dated May 10, 2019. In an accompanying written "Rider," the court explained that it was denying the extension for several reasons, including that the case was then almost three years old and the discovery deadline had been extended three times. The court also noted that when plaintiff filed its complaint, it identified the case as a non-complex contract matter under Track II, which, under court rules, allows for 300 days of discovery.[4]

In May 2019, plaintiff moved to amend its complaint to add Genesis Global as a defendant. In its proposed amended complaint, plaintiff alleged that

---

[4] In its Rider, the court noted that it would not oppose a stipulation between the parties, under which the pending action would be dismissed without prejudice and a new action could be instituted. Because no issue is presented to us concerning the proposed stipulation, we do not comment on the propriety of the court suggesting it would allow that stipulation.

A-1039-19T1

Genesis Global authorized or knew of the actions of BBQ USA and, therefore, Genesis Global should be responsible for the alleged breaches, actions, and omissions of BBQ USA.

After hearing oral arguments on June 25, 2019, the trial court denied the motion to amend. The court found that counsel for Genesis had made it known to plaintiff's counsel that Genesis Global was the direct parent of BBQ USA and Genesis was a holding company. The court also found that plaintiff had waited too long to seek to amend the complaint, noting that the original complaint had been filed over three years earlier and discovery would close in a few days on June 28, 2019.

Shortly thereafter, Genesis moved for summary judgment, arguing that it was not the proper defendant. In opposition, plaintiff contended that Genesis was the proper defendant because it had effectively admitted in its answer that it was the parent of BBQ USA. Genesis disputed that contention and filed certifications and a corporate organization chart to clarify its corporate structure.

The trial court heard oral arguments on the summary judgment motion on September 27, 2019. That same day, the court entered an order granting summary judgment to Genesis. Explaining the reasons for its ruling on the record, the court found that Genesis Global was the direct parent of BBQ USA

and Genesis was a holding company that owned the stock of Genesis Global. The court also held that plaintiff's claims were all dependent on piercing the corporate veil, but the evidence did not support piercing the corporate veil to hold Genesis responsible for the actions and omissions of BBQ USA. In that regard, the trial court found no clear and convincing evidence that Genesis Global was a mere instrumentality of Genesis. The court also found no evidence that Genesis perpetuated a fraud or injustice through Genesis Global. The court also rejected plaintiff's argument that Genesis, in its answer, had admitted that it was the parent of BBQ USA.

## II.

As previously noted, plaintiff appeals from three orders: (1) the May 10, 2019 order denying its motion to extend discovery; (2) the June 25, 2019 order denying its motion to amend the complaint; and (3) the September 27, 2019 order granting summary judgment to Genesis. Plaintiff presents three main arguments, and each has sub-arguments. First, plaintiff contends that the trial court erred in not extending discovery, and that refusal was fundamentally unfair. Second, plaintiff argues that the trial court abused its discretion in not allowing it to amend the complaint to add Genesis Global as a new defendant

10

because such an amendment was not prejudicial or futile. Finally, plaintiff asserts that it was an error to grant summary judgment to Genesis.

All the alleged errors depend on whether plaintiff had clear and convincing evidence that either Genesis Global or Genesis was responsible for the alleged breaches, actions, and omissions of BBQ USA. That contention, in turn, depends on whether plaintiff can pierce the corporate veil of BBQ USA to hold Genesis Global or Genesis responsible. Plaintiff has failed to present clear and convincing evidence that it could pierce the corporate veil to reach either the direct or indirect parent of BBQ USA. Moreover, after years of litigation, plaintiff has not shown that further discovery would lead to such evidence. Accordingly, we reject all of plaintiff's arguments and affirm all three orders.

Initially, we identify our well-established standards of review. We review motions concerning discovery and motions to amend pleadings under an abuse of discretion standard. Port Liberte II Condo. Ass'n, Inc. v. New Liberty Residential Urb. Renewal Co., LLC, 435 N.J. Super. 51, 62 (App. Div. 2014) (citing Kernan v. One Wash. Park Urb. Renewal Assocs., 154 N.J. 437, 457 (1998)); Leitner v. Toms River Reg'l Sch., 392 N.J. Super. 80, 87 (App. Div. 2007).

We review the grant of summary judgment de novo, using the same standard that governed the motion judge's determination. Caraballo v. City of Jersey City Police Dep't, 237 N.J. 255, 264 (2019). We will uphold a grant of summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Ibid. (quoting RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018)); accord Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

A.    Piercing the Corporate Veil

"To pierce the corporate veil of a parent corporation, a party must establish two elements:  (1) the subsidiary was dominated by the parent corporation, and (2) adherence to the fiction of separate corporate existence would perpetrate a fraud or injustice, or otherwise circumvent the law." FDASmart, Inc. v. Dishman Pharms. & Chems. Ltd., 448 N.J. Super. 195, 203-04 (App. Div. 2016) (citing Dep't of Env't Prot. v. Ventron Corp., 94 N.J. 473, 500-01 (1983)).  That test must be satisfied "by clear and convincing evidence." Canter v. Lakewood of Voorhees, 420 N.J. Super. 508, 519 (App. Div. 2011)

A-1039-19T1

(citing <u>Trs. of Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk</u>, 332 F.3d 188, 194 (3d Cir. 2003)).

In evaluating the first element, "courts consider whether 'the parent so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent.'" <u>Ibid.</u> (quoting <u>Verni ex rel. Burstein v. Harry M. Stevens, Inc.</u>, 387 N.J. Super. 160, 200 (App. Div. 2006)). Accordingly, courts consider factors such as common ownership, financial dependency, interference with the subsidiary's selection of personnel, disregard of corporate formalities, and control over a subsidiary's marketing and operational policies. <u>FDASmart, Inc.</u>, 448 N.J. Super. at 204.

In determining whether the second element has been satisfied, courts look at whether the parent "has abused the privilege of incorporation by using the subsidiary to perpetrate a fraud or injustice, or otherwise to circumvent the law." <u>Ventron</u>, 94 N.J. at 501 (citations omitted). The "hallmarks" of such abuse are "the engagement of the subsidiary in no independent business of its own but exclusively the performance of a service for the parent and, even more importantly, the undercapitalization of the subsidiary rendering it judgment-proof." <u>OTR Assocs. v. IBC Servs., Inc.</u>, 353 N.J. Super. 48, 52 (App. Div. 2002) (citing <u>Ventron</u>, 94 N.J. at 501).

13

Plaintiff contends that both the direct and indirect parents of BBQ USA completely dominated and controlled BBQ USA. In support of that contention, plaintiff cites to the deposition of Hyun Wook Joo, who held different positions at BBQ USA. Joo testified that BBQ USA needed its parent's approval for most major decisions, including hiring and ordering supplies. Plaintiff also contends that BBQ USA was undercapitalized, never made a profit, and required regular financial support from its parent corporations.

The evidence plaintiff has collected lends some support to establishing the first prong of piercing the corporate veil. Plaintiff, however, has presented no evidence of the second prong. Plaintiff's claims are all based on allegations of breach of contract and the related torts of fraud and negligent misrepresentation. The May 2009 and March 2013 Agreements are clear in identifying that plaintiff was dealing with BBQ USA. Plaintiff has presented no evidence that any parent corporation of BBQ USA abused the privilege of incorporation to perpetuate a fraud or injustice.

Instead, plaintiff is a sophisticated company that understood the agreements that it entered. If plaintiff had wanted to protect itself, it could have required a parent corporation to be part of the contract or to guarantee the obligations of BBQ USA. See, e.g., Zeiger v. Wilf, 333 N.J. Super. 258, 277

(App. Div. 2000) (declining to pierce the corporate veil in part because the party seeking to pierce knowingly contracted with a corporate entity and never asked the corporate principals to personally guarantee the contract).

Plaintiff argues that it should be given more time to develop evidence to support piercing the corporate veils. We discern no abuse of discretion in the trial court's decision not to extend discovery. On the motion for summary judgment, plaintiff, through its counsel, acknowledged that Genesis had informed it, through its counsel, that Genesis Global was the direct parent of BBQ USA. Plaintiff, therefore, had over a year and a half to conduct discovery. Just as important, the evidence of fraud or misrepresentation should have been within the knowledge of plaintiff's employees or representatives.

Plaintiff has also contended that Genesis or Genesis Global should be liable for the conduct of BBQ USA under agency theories. An agency relationship is created when a principal manifests assent to the agent's acts on the principal's behalf. N.J. Laws. Fund for Client Prot. v. Stewart Title Guar. Co., 203 N.J. 208, 220 (2010); Restatement (Third) of Agency §1.01 (Am. Law Inst. 2006). Generally, an agent can bind the principal only for acts that are within the agent's actual or apparent authority. Stewart Title, 203 N.J. at 220.

Plaintiff has made no showing that BBQ USA had either actual or apparent authority to bind Genesis or Genesis Global.

In summary, the record contains no evidence that plaintiff could pierce the corporate veil to hold either Genesis Global or Genesis responsible for the actions and omissions of BBQ USA. Consequently, the trial court did not err in denying plaintiff's motion to amend the complaint, and it correctly granted summary judgment to Genesis.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1039-19T1